When the defendant cannot be personally served with process, his property may be attached to effect the same object which a writ aims at, viz., to enforce his appearance. That this is the design of the attachment law is declared in so many words by the original act in Davis's Revisal, page 231. The attachment may be granted "so (580) as to compel an appearance." Under the law, when the defendant did appear, he was entitled to plead, although he did not, or could not, replevy the goods attached. They were left in the hands of the sheriff to be subject to the judgment; and if they proved insufficient to satisfy it, other executions might issue for the residue. It will be evident, by collating the two laws, that the framers of the act of 1777 had, when they drew it, that of 1746 before them; and that the spirit and intention of the first law, in regard to the question now before us, are transfused into the latter law. It is true that the first law is penned in much fewer words than the last, and is silent as to the condition of the replevin bond; and from calling it special bail in every instance, precludes any other inference than that it was to be drawn like a bail bond. Although the act of 1777 directs, in general terms, that the bond shall be for the performance of the judgment of the court, yet that cannot change the nature of the transaction, which in every other part of the law is regarded and spoken of as special bail. The judgment of the court, adverted to in the condition of the bond, must be prout lex postulate, and as this is already fixed by the law with respect to bail, it is only the expression of that which was already understood, and therefore operates nothing.
I am of opinion that a scire facias on this bond is the only remedy.